985 F.2d 553
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mozel SMITH, Plaintiff-Appellant,
v.
MORGAN DRIVE AWAY, INCORPORATED, Defendant-Appellee.
 No. 91-2687.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 1, 1992
Decided: February 5, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Greenwood. William M. Catoe, Jr., Magistrate Judge. (CA-91-403)
 Charles Henry Spurgeon Lyons, III, HAWK, HAWK & LYONS, P .C., Augusta, Georgia, for Appellant.
 Edward Waddell Laney, IV, TURNER, PADGET, GRAHAM & LANEY, P.A., Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 This appeal is from a judgment entered upon a jury verdict in favor of the defendant in a personal injury action. The accident in which Mozel Smith was allegedly injured occurred at an intersection when the car he was driving collided with a car driven by the agent of the defendant Morgan Drive Away, Inc.
 
 
 2
 The appellant Smith raises only two issues on appeal. One concerns the correctness of the court's instruction on causation and the other concerns the court's instruction defining the corporation's responsibility for the driver's action.
 
 
 3
 Smith contended at trial that his right foot was broken as a result of the accident. He testified, as did his wife and co-workers, that he did not limp or suffer pain in his right foot before the accident. The orthopedic surgeon who operated on the foot, however, testified by deposition that when he saw Smith a week after the accident in the emergency room, the break in his foot was at least two weeks old.
 
 
 4
 At trial, Smith requested the court to instruct the jury:
 
 
 5
 [I]f Mozel Smith was in good health prior to an injury and begins to complain on the day of the injury with what he claims to be a condition resulting from the injury[,] this fact alone may be sufficient evidence of causation, even when the only medical opinion testimony is that there is no causal connection.
 
 
 6
 The presiding magistrate refused the request. Included in his instructions, however, was the following:
 
 
 7
 Expert opinion testimony should be judged just as any other testimony. You may accept it, reject it, and give it as much weight as you think it deserves, considering the witness education and experience, the reasons given for the opinion, and all the other evidence in the case.
 
 
 8
 Jury instructions, of course, are to be considered as a whole and here the trial evidence concerning causation and the law governing it was fairly and adequately covered by the instruction.
 
 
 9
 We, likewise, find no error in the court's instruction concerning the responsibility of the Morgan Corporation for the actions of its driver. The court instructed in part:
 
 
 10
 Now in this case the defendant is a corporation. A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers. The law therefore holds the corporation responsible for acts of its employees, agents, directors, officers, if, but only if, those acts are authorized. An act is authorized if it is part of the ordinary course of the employment of the person doing it.
 
 
 11
 The court thus, in effect, informed the jury that Morgan was liable for all acts of its driver performed within the scope of its employment. Morgan's liability for its employee's acts was not an issue at trial and even if it were, Smith could not have been prejudiced by the instructions given.
 
 
 12
 The judgment of the district court is affirmed.
 
 AFFIRMED